# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 20 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| CAROLYN A. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals defendant's denial of her application for Disability Insurance Benefits and Supplemental Security Income ("benefits"). For the reasons set forth below, the Court reverses defendant's decision and remands this case to the Social Security Administration for further proceedings.

## Background

On October 9, 2009, plaintiff filed an application for benefits alleging a disability onset date of April 1, 2008. (Administrative Record ("AR") 145.) She reported that she had diabetes, back pain, high blood pressure, swelling of her feet and legs and an ulcer in her left eye. (AR 201.) She stated that her conditions made it difficult for her to stand and drive, that she tired easily, could not lift more than ten pounds, and had difficulty seeing out of her left eye. (AR 201.)

The Commissioner denied her application upon both initial review and reconsideration. (AR 60-72.) Thereafter, plaintiff requested a hearing, which was held before an

Administrative Law Judge ("ALJ") on March 30, 2011. (*See* AR 37-59.) On May 10, 2011, the ALJ denied plaintiff's application for benefits. (*See* AR 24-31.) On October 26, 2012, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (AR 9.) This appeal followed.

**Discussion**

The Court reviews the ALJ's decision *de novo* but gives deference to her factual findings. *Prochaska v. Barnhart*, 454 F.3d 731, 734 (7th Cir. 2006). The decision will be upheld "if it is supported by substantial evidence," *i.e.*, evidence "sufficient for a reasonable person to conclude that [it] supports the decision." *Id.* at 734-35 (quotations omitted). "We are not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). "In fact, even if reasonable minds could differ concerning whether [plaintiff] is disabled, we must nevertheless affirm the ALJ's decision denying her claims if the decision is adequately supported." *Id.* (quotations and citations omitted).

The ALJ found that plaintiff had the severe impairments of diabetes, diabetic neuropathy,[1] hypertension, spondylolisthesis,[2] obstructive sleep apnea,[3] and restrictive

---

[1] Diabetic neuropathy is "a type of nerve damage that can occur [with] diabetes" that "most often damages nerves in [the] legs and feet." *See* http://www.mayoclinic.org/diseases-conditions/diabetic-neuropathy/basics/definition/con-20033336.

[2] Spondylolisthesis is "a condition in which one of the bones of the spine (vertebrae) slips out of place onto the vertebra below it." *See* http://my.clevelandclinic.org/health/diseases_conditions/hic_your_back_and_neck/hic_Spondylolisthesis.

[3] Obstructive sleep apnea is "a potentially serious sleep disorder in which breathing repeatedly stops and starts during sleep." *See* http://www.mayoclinic.org/diseases-conditions/

ventilatory defect.[4]  (AR 26-27.)  Despite these conditions, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and use her lower extremities to push and pull, can never climb ropes, ladders or scaffolding, and should avoid concentrated exposure to respiratory irritants.  (AR 30.)

>According to the ALJ, plaintiff testified that:
>
>[S]he is right-handed and currently weighs 290 pounds.  She lives in an apartment with her foster child age 15 and grandson age 5.  She reported she had lower back pain that she rated at a 6 on a pain scale in which 10 is the worst pain imaginable. . . . [but] had not taken any medication on the day of the hearing.  She further testified that she has sleep problems, sits up to sleep, only sleeps for a few hours at night, sleeps during the day, and falls asleep even while talking.  The claimant testified that she needs help putting on shoes and socks. . . .  [T]he claimant testified that on a typical day she is tired because she does not sleep well at night.  The claimant also testified that she has sores and infections in her legs[,] . . . . that . . . are open multiple times during the year.  The claimant testified that she has to climb two flights of stairs to get to her apartment and needs to stop for breath on her way up . . . . [and] uses a cane a couple of times a day.  The claimant further testified that she has problems opening things with her right hand[,]. . . . has difficulty paying attention for two hours[,] . . .[and] could walk for one block before her legs and back hurt.  The claimant further testified she become[s] short of breath after standing for 30 minutes[,] . . . could not stand for a total of 2-3 hours in a day. . . . [, and] her toes and feet become numb after sitting for 30 minutes and, therefore, she needs to stand and move about every 10-15 minutes.  The claimant also testified that she could lift a gallon of milk but could not carry it very far.

(AR 29.)

>The ALJ did not find plaintiff's testimony to be wholly credible:

---

obstructive-sleep-apnea/basics/definition/con-20027941.

[4]"People with restrictive lung disease cannot fully fill their lungs with air.  Their lungs are restricted from fully expanding."  *See* http://www.webmd.com/lung/obstructive-and-restrictive-lung-disease.

3

> The claimant's allegation that she falls asleep even while carrying on a conversation and, therefore, cannot work is not entirely credible. The claimant does suffer from sleep apnea. . . . However, she uses a CPAP machine.[5] A polysomnogram[6] with CPAP titration indicated that using a CPAP machine set [at] 16 cm H2O should solve the claimant [sic] sleep apnea problem. . . . The claimant's allegation of difficulty opening things with her dominant hand is also not supported. The record does not indicate the claimant complained of serious problems with grip to any physician or health care provider. In addition, the claimant's allegations of extreme shortness of breath are also not entirely credible. The claimant is morbidly obese and she does have a pulmonary impairment. However, the findings on the pulmonary function test are not consistent with the inability to perform at least sedentary work. Furthermore, the claimant stays with her five-year-old grandson and has cared for him since he was born. She also cares for her 15-year-old foster son. The claimant admits she drives, shops, does chores, makes sure her daughter gets off to school and oversees homework. . . . These activities belie her assertions of being incapacitated.

(AR 29-30.)

Plaintiff contends that the ALJ's credibility determination with respect to sleepiness was erroneous because she did not build "'an accurate and logical bridge' from the evidence to [the] conclusion." (Pl.'s Mem. Supp. Mot. Summ. J. at 9) (quoting *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008)). The Court agrees. The ALJ rejected plaintiff's allegation of extreme sleepiness because the record shows that CPAP therapy treated plaintiff's sleep apnea. (*See* AR 30; *see* AR 504 (stating that with CPAP therapy titrated at 16 cm H2O "respiratory events improved and the lowest oxygen saturation was 90%.").) That is true, but plaintiff testified that the medication she takes for back pain makes her sleepy as well, evidence that the ALJ is

---

[5]CPAP stands for "continuous positive airway pressure" and is "a common treatment for obstructive sleep apnea[,] that includes a small machine that supplies a constant and steady air pressure, a hose, and a mask or nose piece." *See* http://www.mayoclinic.org/diseases-conditions/sleep-apnea/in-depth/cpap/art-20044164.

[6]"Polysomnography, also called a sleep study, is a test used to diagnose sleep disorders." *See* http://www.mayoclinic.org/tests-procedures/polysomnography/basics/definition/prc-20013229.

required to, but apparently did not, consider. (*See* AR 43); *see also* 20 C.F.R. § 404.1529(c)(3)(ii)-(vi) (requiring the ALJ to consider "[t]he location, duration, frequency, and intensity" of plaintiff's pain or symptoms, any "[p]recipitating and aggravating factors," "[t]he type, dosage, effectiveness, and side effects of any medication" she takes to alleviate pain or symptoms, and any other treatment she has received or measures she has taken to relieve pain or symptoms).

More importantly, it is not clear why the ALJ concluded that plaintiff can perform sedentary work. Such work is defined as that requiring:

> [e]xerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

*See* U.S. Dep't of Labor, Dictionary of Occupational Titles, App. C, Components of the Definition Trailer, *available at* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT APPC.HTM/ (last visited Feb. 11, 2015); *see* 20 CFR § 404.1567 (stating that the Social Security Administration "classif[ies] jobs as sedentary, light, medium, heavy, and very heavy," and that "[t]hese terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor"). As the ALJ noted, plaintiff said that she cares for children aged five and fifteen, "drives, shops, does chores, [and] makes sure her daughter gets off to school." (AR 30.) But plaintiff also testified that she: (1) can only sit or stand for thirty minutes and then must change position for ten minutes because of the neuropathy in her feet and legs; (2) can lift a gallon of milk or bag of potatoes but cannot carry either for any distance; (3) has difficulty stooping, bending, crouching, and crawling and needs help to put on

her shoes and socks; (4) only drives "[a] couple of times a week"; (5) cannot vacuum, dust, mop, sweep or take out the garbage; (6) has a friend take her son to school; (7) cannot stand for two to three hours or sit for six to seven hours of an eight-hour work day; (8) never has a day without back pain and/or swelling in her legs and feet; and (9) has open sores on her legs multiple times during the year. (AR 44-54; *see* AR 58 (vocational expert testifying that a person who can only sit and stand for two hours of an eight-hour day is unemployable). The ALJ apparently rejected this testimony, but she did not explain why. Absent that explanation, the ALJ's conclusion that plaintiff can perform sedentary work is not supported by substantial evidence.

## Conclusion

For the reasons set forth above, the Court denies defendant's motion for summary judgment [45] and remands this case to the Social Security Administration for further proceedings. This case is terminated.

**SO ORDERED.**                                     **ENTERED:   February 13, 2015**

_____
**HON.  JORGE L. ALONSO**
**United States District Judge**